## MARTIN V. B. SMITH, RESPONDENT, *v.* JOHN MAHON AND OTHERS.

## RICHARD W. EMERSON, APPELLANT.

*Service of the summons by publication — inability to serve the defendant within this State — what proof of it is sufficient — Code of Civil Procedure, secs. 438, 439.*

Upon an application made under sections 438 and 439 of the Code of Civil Procedure to procure an order for the service of the summons by publication upon a non-resident defendant, the affidavit alleged "that deponent knows the defendants personally, and knows that they are not residents of this State, but reside at Lynn, in the State of Massachusetts, and have engaged in business there under the firm name and style of J. Mahon & Sons. That plaintiff will be unable, with due diligence, to make personal service of the summons herein upon the defendants within this State."

*Held,* that the affidavit was sufficient to give the court jurisdiction over the matter.

That a motion made by a subsequent attaching creditor to vacate an attachment granted in the action, upon the ground that the said affidavit was insufficient to sustain an order for the service of the summons by publication subsequently made therein, should be denied.

*Quære,* as to whether the order would have been sustained if the motion had been made by the debtor himself.

APPEAL by Richard W. Emerson, a non-resident and junior attaching creditor, from an order denying his motion to vacate the plaintiff's attachment herein.

*James Armstrong,* for the appellant.

*Eustis Valentine,* for the respondent.

BRADY, J. :

Although the application to vacate the attachment was predicated of several grounds, the appellant waives all of them except that which is based on the invalidity of the order of publication.

To sustain the objection made, the appellant assails the sufficiency of the affidavit upon which the order of publication was granted. The affidavit, follows, on the subject of diligence, the language of section 439 of the Code, as amended by chapter 542 of the Laws of 1879, in the respect, namely, that the plaintiff will be unable, with due diligence, to make personal service of the summons herein upon the defendants within this State.

The contention is, that in order to confer jurisdiction the facts and circumstances from which this conclusion is drawn should be stated in detail; otherwise it is the statement of the mere conclusion itself, in the language of the statute, and which, by analogy to the provisions of section 135 of the old Code as interpreted, would be insufficient.

Under sections 438 and 439 of the Code of Civil Procedure, as originally adopted, it was not necessary to make any affidavit showing an effort to serve the defendant within the State; and in a note to that section, to be found in Throop's Code, it is said that the sections contained a substitute for the language at the commencement of section 135 of the Code of Procedure, namely, where the person on whom service of the summons is to be made cannot, after due diligence, be found within the State, and further, " evidently this clause was too broad, and, in some respects, obscure. Why should a plaintiff be compelled to use diligence to serve a summons upon a resident of a distant State, whom there is no reason to suppose absent from home, or upon a fraudulent debtor who has absconded, or is known to be concealed ? "

But this provision was not, as already intimated, permitted to remain as originally passed, because of the amendment referred to by the act of 1879, by which section 439 was so amended as to require, where the application was made upon the ground that the defendant was a foreign corporation, or not a resident of the State, an affidavit that the plaintiff has been or will be unable, with due diligence, to make personal service of summons. The effect of this amendment was to create, in some respects, a provision similar to that contained in section 135 of the old Code, and to restore the rules applicable to such a provision. In other words, it became necessary not only to show that the defendant was a non-resident, but in addition thereto that the plaintiff was or would be unable, with due diligence, to make personal service of the summons.

In the rules adopted by this court in 1881, rule 20 in relation to this subject of the rules in force in 1877 was abolished, and it would seem upon the proposition that it was no longer necessary to provide by rule for an affidavit of due diligence in the effort to serve a non-resident defendant, as required by that rule; although it may be that the rule was abolished because of the language of

section 439, as amended in 1879, and by which such publication was declared to be necessary. Assuming, however, that the absence of any proof relating to the subject of diligence in the effort to serve the summons would be fatal to the jurisdiction, nevertheless the affidavit presented to the learned justice who granted the attachment which has been assailed herein, was sufficient, in consequence of the allegations in the following words: "That deponent knows the defendants personally, and knows that they are not residents of this State, but reside at Lynn, in the State of Massachusetts, and have engaged in business there under the firm name and style of J. Mahon & Sons; that plaintiff will be unable, with due diligence, to make personal service of the summons herein upon the defendants within this State."

These allegations bring the case within the adjudication of *Von Rhade* v. *Von Rhade* (2 N. Y. Supreme Ct. Rep. [T. & C.], 491). The application in that case was made under section 135 of the old Code, to which reference has already been made, and the affidavit stated that the defendant could not, after due search, be found in the State, and was in fact a resident of Berlin, in the Empire of Germany, where he then actually resided. And the court held, recognizing all the requirements of the Code and of the legal rules declared in reference to them, that the defect was not of so serious and important a nature as to deprive the justice who made the order of the power of making it, "for," said the learned justice in delivering the opinion, "from the statement that the defendant was at the time when the affidavit was made actually residing in Berlin, he can infer that no diligence could result in personal service upon him. At least the inference deduced from the statement of that fact would not be so entirely unsupported as to be without colorable evidence to sustain it; and further, where that is the fact, a case of simple error is shown, and not an absence of jurisdiction."

And so it may be said of this case that, from the statement that the defendants reside at Lynn, Massachusetts, and have been engaged in business there, the inference could be drawn that no diligence could result in a personal service upon them within this State. At least such an inference could be deduced from the statements of non-residence, as well as to domicile as to place of business.

It may be said, with very great propriety, that when it appears

that the defendants are non-residents of the State, and engaged in business at their residences, a statement of such facts would warrant the inference that no personal service could be made upon them of papers in this State by due diligence.

It must be presumed that unless called into the State by the requirements of their·business, or visiting for pleasure, they would not come within its territory. These presumptions can be properly indulged in on an application for an attachment without doing violence to any rule of law.

For these reasons the application to discharge the attachment was properly denied, and the order made in reference to it should therefore be affirmed.

DAVIS, P. J. :

If this motion were made by the debtors, or on their behalf, I should have grave doubts of the sufficiency of the affidavit to uphold the order of publication against them. But in this case another creditor is attacking proceedings for his own benefit, to which the debtors do not object. In such a case, a more liberal rule of construction to uphold the proceedings of the first creditor, when no fraud or collusion is alleged or pretended, may well be adopted.

I therefore concur in the conlcusions of my brother BRADY.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs and disbursements.